## CHARLES LIBBY, ADMR.
vs.
## ADELINE M. MORRIS, ET AL.

Superior Court     New Haven County        File #46974

Present: Hon. EDWIN C. DICKENSON, Judge.

Morris Gamm,                  Attorney for the Plaintiff.

Charles T. McClure,           Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 15, 1935.

DICKENSON, J.   The plaintiff's decedent on the 9th day of February, 1935, at about 8:30 P. M. alighted from a trolley car which had stopped on Dixwell Avenue opposite Collins Street, passed in front of the trolley car and walked toward

the center of Collins Street. There had been a snow storm earlier in the day. The snow had been cleared from the road and piled at the curb. It had melted during the day and was freezing at the time. The road was icy and at the mouth of Collins Street a pool of water had collected reaching from snow bank to snow bank at either curb and widening at the center. The plaintiff, intent apparently, upon reaching the sidewalk to proceed down Collins Street to her home, stopped at this pool near the center line of Collins Street projected into Dixwell Avenue. At this time the defendant turned to his left from Dixwell Avenue toward Collins Street, saw the plaintiff's decedent and stopped his car some five to ten feet from her.

The decedent looked in the direction of this car and then walked away in the general direction of the southwest corner of these two streets bearing out into the road. She apparently then saw the car that later struck her coming toward her on Dixwell Avenue. She then retreated toward the rear of the defendant's car. The driver of the other car saw her, put on his brakes, his car skidded and struck her, driving her against the defendant's car.

The evidence is convincing that the driver of the car that struck her was negligent in the operation of his car in view of the conditions. The action against him has been withdrawn, however, and the plaintiff claims the remaining defendant was negligent in cutting the corner and in approaching the plaintiff's decedent in a manner to frighten her into the path of the other car. The evidence is too contradictory, even among the plaintiff's own witnesses, to warrant a finding that the defendant cut the corner. As to his manner of approach toward the decedent, it appears his car was at no time within several feet of her, nor does it appear that she was alarmed by its approach. He seems to have operated his car slowly and carefully and to have stopped and waited for the plaintiff to proceed.

Judgment is directed for the defendant.